IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KIRBY L. VAN HORN,**

    **Petitioner,**

**v.**                  **Civil Action No. 1:10cv80**
                     **(Judge Keeley)**

**DAVID BALLARD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On May 18, 2010, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Dckt. 1] On June 21, 2010, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not warranted at that time, and directed the respondent to file an answer. [Dckt. 10]

On July 21, 2010, the respondent filed a Motion to Dismiss Petition as Untimely Filed. [Dckt. 14] Because the petitioner is proceeding without counsel in this case, the Court issued a Roseboro Notice on July 22, 2010, advising the petitioner of his right to file a response to the respondent's motion. [Dckt. 16] The petitioner filed his Opposition to Respondent's Motion to Dismiss on August 5, 2010. [Dckt. 18] This case is before the undersigned for a Report and Recommendation.

### II. Petitioner's Conviction and Sentence

**A. Petitioners' Conviction and Sentence**

According to the parties, on November 8, 2006, the petitioner was charged by information in the Circuit Court of Harrison County, West Virginia, with one count of Sexual Assault in the

First Degree and one count of Incest. [Dckt. 15 at 2; Resp't Ex. 1] On November 20, 2006, the petitioner pleaded guilty to one count of Sexual Assault in the Second Degree and one count of Incest. Id. On January 24, 2007, the petitioner was sentenced to 15-25 years on count one and 5-15 years on count two, to run consecutively. Id.

**B.  The Petitioner's Direct Appeal**

The petitioner did not file a direct appeal of his conviction and sentence.

**C.  The Petitioner's State Habeas Proceedings**

The petitioner filed a state habeas petition in the Circuit Court of Harrison County on January 10, 2008. Id.; Resp't Ex. 2. In that case, the petitioner asserted various claims of ineffective assistance of counsel. Id.; Resp't Ex. 3. The petitioner's state habeas petition was denied by the circuit court on December 22, 2008. Id.

On May 26, 2009, the petitioner appealed the denial of his state habeas petition. Id. at 3; Resp't Ex. 3. The petitioner's appeal was refused on September 3, 2009. Id.

### III.  The Petitioner's Federal Habeas Proceedings

**A.  The Petitioner's Federal Habeas Petition**

The petitioner filed the instant federal habeas action on May 18, 2010. In the petition, he asserts that he was denied the meaningful and effective assistance of counsel during his state criminal proceedings. In support of this claim, the petitioner asserts that counsel was ineffective because he:

(1) advised the petitioner to waive his right to an indictment by a grand jury and to instead, proceed on an information;

(2) failed to spend adequate time on the petitioner's case;

(3) advised the petitioner to accept a plea agreement without first determining whether DNA samples from the alleged victim were inculpatory or exculpatory;

(4) failed to secure an Order from the circuit court requiring the alleged victim to undergo a physical examination by a qualified medical doctor to determine if there was evidence of repeated sexual intercourse as alleged in the indictment;

(4) erroneously advised the petitioner that he would be placed on probation if he pleaded guilty to the information and if he requested alternative sentencing;

(5) advised the petitioner to plead guilty without making a reasonable investigation into the case;

(6) failed to ascertain whether the alleged victim had been examined using a coloscope;

(7) failed to supply the petitioner with copies of the State's discovery prior to accepting a plea, thereby preventing the petitioner from making an informed decision to plead guilty;

(8) failed to contact the petitioner's prior counsel in a civil abuse and neglect case who had a diary and notes belonging to the alleged victim which exculpated the petitioner;

(9) failed to discuss the procedural aspects of the case with the petitioner or to keep the petitioner informed of the developments in his case;

(10) coerced the petitioner to plead guilty by telling him that he could not impeach the alleged victim and that there was no way he would be acquitted;

(11) instructed the petitioner to plead guilty to an offense that was factually inaccurate by instructing the petitioner to say "forcible compulsion" without first explaining the definition of that term to the petitioner;

(12) failed to discuss the pre-sentence report and sex offender evaluations with petitioner;

(13) failed to hire an expert witness regarding sex offender evaluations;

(14) failed to present witnesses at the petitioner's sentencing hearing; and

(15) failed to file an appeal of petitioners' criminal proceedings despite a request to do so.

The petitioner acknowledges that his federal habeas petition is untimely filed. [Dckt. 1 at 6-7] Nonetheless, the petitioner asserts that because his counsel failed to file a direct appeal when specifically instructed to do so, the Court should "toll the statute of limitations during the term of [counsel's] appointment to do so." Id. at 7.

**B.   The Respondent's Motion**

In response to the petition, the respondent asserts that the petition is untimely. Moreover, the respondent asserts that the petition cannot be salvaged by the principles of equitable tolling. In support of this claim, the respondent asserts that because the petitioner did not file a direct appeal of his conviction and sentence, his judgment became final on May 24, 2007, the date on which the time for seeking such review expired. [Dckt. 15 at 5] The respondent further asserts that the one-year statute of limitations then ran for 230 days until January 10, 2008, when the petitioner filed his state habeas petition. Id. at 6. Acknowledging that the petitioner's state habeas petition, and the appeal of that decision, tolled the one-year statute of limitations, the respondent next asserts that the petitioner's sentence began running again on September 4, 2009, and expired 135 days later on January 16, 2010. Id. Thus, the respondent argues that the instant petition, filed on May 18, 2010, was more than four months late. Id.

As to the petitioner's claim that the one-year limitation should be equitably tolled because counsel failed to file a direct appeal, the respondent asserts that even if that were true, counsel's failure to file a direct appeal did not prevent the petitioner from filing a timely federal habeas

4

petition and equitable tolling is not warranted. Id. at 6-7. Specifically, the respondent notes that after his state habeas appeal was denied, the petitioner still had 135 days to perfect a timely federal habeas petition. Id. at 7. The petitioner failed to do so and has not explained how his counsel's failure to file a direct appeal is relevant to the petitioner's failure to timely file a federal habeas petition after his state habeas appeal was denied. Id. Moreover, the respondent argues that even if there was such a casual connection, the petitioner is still not entitled to equitable tolling because it has never been held that counsel's failure to file a direct appeal is *prima facie* grounds for establishing equitable tolling. Id. at 8. Additionally, the respondent asserts that counsel's failure to file an appeal was simply not the reason the petitioner failed to file his federal habeas petition in a timely manner. Id. The respondent goes on to note that equitable tolling is an extraordinary relief to which the petitioner simply cannot show entitlement to under the given circumstances. Id. at 8-9. Thus, the respondent asserts that the petition is untimely, that equitable tolling should not apply, and that the petition should therefore be dismissed with prejudice. Id. at 9.

## C. **The Petitioner's Opposition to the Respondent's Motion**

In response to the respondent's motion, the petitioner, relying on West Virginia law, asserts that his sentence did not become final to the end of the term in which it was declared. [Dckt. 18 at 2] Therefore, he asserts that although his sentence was pronounced on January 24, 2007, the term did not end until May 6, 2007. Id. Adding four months to file a direct appeal, the petitioner asserts that his sentence was not final until September 6, 2007. Id. The petitioner further asserts that he was entitled to 90 additional days to file a writ of certiorari with the United States Supreme Court. Id.

Next, the petitioner asserts that the acts and omissions of counsel constitute grounds for

5

equitable tolling. Id. Specifically, the petitioner asserts that counsel failed to perfect an appeal as requested, failed to file an Anders brief and failed to request permission to withdraw from the case. Id. at 2-3. He also notes that the United States Supreme Court has recently held that extraordinary circumstances exist to warrant the application of equitable tolling where a defendant has missed the one-year limitations period due to the gross negligence of counsel. Id. at 3. Consequently, the petitioner requests that the Court toll the period in which he believed counsel was preparing his direct appeal, and find his petition timely. Id. at 4.

### IV. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

In this case, judgment was entered against the petitioner by the Circuit Court of Harrison

County on January 24, 2007. The petitioner did not appeal his conviction and sentence. Thus, for purposes of the AEDPA, the petitioner's sentence became final at the expiration of the time for seeking direct review, or May 24, 2007.[1] His one-year federal habeas limitation period therefore began running the next day, May 25, 2007.[2] See Hernandez v. Caldwell, 225 F.3d 435, 539 (4th Cir. 2000). Absent any tolling events, the petitioner had until May 24, 2008, to timely file his federal habeas petition.[3] Nevertheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

The petitioner filed a state habeas petition on January 10, 2008. At that time, 230 days of the one-year limitation period had expired. It is not disputed that the petitioner's one-year limitation period was tolled during the pendency of this action. [Dckt. 15 at 6] The petitioner's state habeas petition was denied and his appeal of that decision was refused by the West Virginia Supreme Court of Appeals on September 3, 2009. Accordingly, the petitioner's one-year limitation period began running again the next day, September 4, 2009, and continued to run until it expired on January 16, 2010, after the passage of 135 additional days.

The petitioner asserts that he is entitled to equitable tolling because his attorney did not file a direct appeal even though the petitioner directed him to do so. The Supreme Court has recently

---

[1] In West Virginia, a defendant has four months to file a direct appeal of a criminal conviction. W.Va.R.Crim.P. 37(b)(3). That appeal time runs four months from the *entry of the circuit court order*, not from the end of the term. Id.

[2] Because the petitioner did not file a direct appeal, it is axiomatic that he is not entitled to an additional 90 days to file a writ of certiorari with the United States Supreme Court.

[3] The year 2008 was a leap year.

7

confirmed that the timeliness provision of 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). The Supreme Court further noted that, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, at 415 (2005) (internal quotations omitted)).

Prior to Holland, the Fourth Circuit applied equitable tolling to extraordinary circumstances such as "those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d at 330. In other words, the Fourth Circuit's "extraordinary circumstance" test required a petitioner to show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003)(restating Harris 209 F.3d at 330).

In Holland, the petitioner made repeated efforts to remind his attorney that his habeas petition needed to be timely filed. See Holland at 2555-59. Nonetheless, his attorney filed his § 2254 petition late after having failed to properly research the tolling date. Id. Holland's attorney also failed to update the petitioner with crucial information regarding the date his state court conviction became final, thus limiting Holland's ability to pursue the matter with different counsel or *pro se*.[4] Id. The petitioner asked the federal district court to equitably toll the AEDPA limitations period in light of

---

[4]The petitioner did the legal research for his attorney, but the attorney apparently disregarded what he had been given by his client. Holland at 2556-2559. Moreover, the petitioner seemingly recognized the deficiencies in his appointed counsel and moved to have him replaced. Id. at 2555. Initially, however, the state court did not grant him new counsel. Id. at 2555-56.

his attorney's sustained professional misconduct. The court denied his request, stating that the facts of the petitioner's case did not amount to "extraordinary circumstances." Id.

The Supreme Court found differently. The court held as too rigid the Eleventh Circuit rule that "attorney conduct that is grossly negligent can never warrant tolling absent bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." Id. at 2562-63 (internal quotations omitted). The Supreme Court reasoned that "courts of equity can and do draw upon decisions made in other similar cases for guidance . . . but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case," contrasting the Eleventh Circuit's "rigid rules" applied on a *per se* basis. Id. at 2563.

Although Holland narrows the test for equitable tolling somewhat, the Fourth Circuit's "extraordinary circumstance" test for equitable tolling, as set forth in Harris, remains virtually unchanged. The Harris rule is not "rigid" or mechanical like the rule struck down by the Supreme Court in Holland. Rather, Harris is harmonious with Holland's requirement that a court of equity examine the facts of each case to make a fairness decision, thus avoiding the "evils of archaic rigidity." Holland at 2563. What's more, Holland's focus on petitioner conduct, through the addition of the diligence element, confirms that the Harris rule rightly attenuates courts of equity by preventing the loss of "the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, 209 F.3d at 330. Thus, reading Holland and Harris together, in order to establish an entitlement to equitable tolling, a petitioner must show that (1) he has been diligently pursuing his rights and (2) some extraordinary condition external to his own conduct made timely filing impossible if he is to benefit from the doctrine of equitable tolling.

In this case, the petitioner has failed to establish that he is entitled to equitable tolling.[5] Even assuming that petitioners' counsel was ineffective for failing to file an appeal as instructed, as noted by the respondent in his motion to dismiss, such failure on counsel's part did not prevent the petitioner from timely filing his federal habeas petition. To the contrary, the petitioner still had 135 days (more than four months) to timely file his federal habeas petition after his state habeas proceedings concluded. He did not do so. Instead, he waited an additional four months past the expiration of the one-year limitations period to file his federal habeas petition.[6] The failure to file his federal habeas petition within those 135 days had nothing to do with counsel's failure to file an appeal and the petitioner was not being represented by counsel at that time. The petitioner simply failed to diligently pursue federal relief after his state remedies were exhausted.

Moreover, there were no extraordinary conditions external to the petitioner's own conduct that made timely filing impossible. The petitioner had more than four months after his state habeas appeal was refused to timely file his federal habeas petition. Even given the petitioner's fact of incarceration, and *pro se* status, had he diligently pursued his federal remedies, he could have timely filed his federal habeas petition within that four-month period. The petitioner offers no explanation to excuse that failure and he is not entitled to equitable tolling.

---

[5] The petitioner's case is distinguishable from Holland on the facts. In Holland, counsel was appointed for the specific purpose of timely filing Holland's § 2254 petition. The Supreme Court found that counsel's gross negligence in this matter could therefore warrant equitable tolling of the one-year filing limitation on Holland's § 2254 petition. In this case, however, counsel was appointed to file a direct appeal, not a timely § 2254 petition. Thus, counsel's performance on appeal does not necessarily impact the timely filing of the petitioner's § 2254 petition as it did in Holland.

[6] The petitioner's state habeas appeal was denied on September 3, 2009. His one-year limitation period therefore expired 135 days later, or on January 16, 2010. However, the petitioner waited until May 18, 2010 to file his federal habeas petition.

10

## V. Recommendation

For the reasons stated, the undersigned finds that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1). Thus, the undersigned recommends that the respondent's Motion to Dismiss Petition as Untimely Filed [dckt. 14] be **GRANTED** and the petitioner's § 2254 habeas corpus petition [dckt. 1] be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 27, 2010.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE