**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KIRBY L. VAN HORN,**

    **Petitioner,**

**v.**                                                         **Civil Action No. 1:10cv80
                                                             (Judge Keeley)**

**DAVID BALLARD, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 19),
GRANTING MOTION TO DISMISS AS UNTIMELY (DKT. 14), AND
DISMISSING 28 U.S.C. § 2254 PETITION WITH PREJUDICE**

Kirby L. Van Horn ("Van Horn"), a prisoner in the custody of the State of West Virginia ("State"), filed this action pursuant to 28 U.S.C. § 2254. After the State moved to dismiss the petition as untimely, United States Magistrate Judge David J. Joel issued a Report and Recommendation ("R&R") concluding that Van Horn's filing was indeed barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Van Horn filed timely specific objections to the R&R. Upon de novo review of the issues Van Horn raises in his objections, the Court concludes that his petition is untimely.

### I. FACTUAL BACKGROUND

Pursuant to a plea agreement, on November 20, 2006, Van Horn entered guilty pleas to sexual assault and incest involving his adopted teenage daughter in the Circuit Court of Harrison County, West Virginia ("Circuit Court"). Attorney Rocco Mazzei ("Mazzei")

represented Van Horn. On January 24, 2007, the Circuit Court imposed a total sentence of twenty to forty years. On February 13, 2007, Van Horn filed a Notice of Intent to Appeal (not an actual appeal) in the Circuit Court. On April 11, 2007, that court appointed attorney Gerard E. Blair, Jr., ("Blair") to represent Van Horn in "post-conviction proceedings only."

Under West Virginia law, Blair and Van Horn had four months from the date of conviction within which to file a direct appeal – that is, until May 24, 2007. Blair did not file an appeal; instead, on October 7, 2007, he filed a Notice of Non-filing of Appeal, stating that there were no non-frivolous grounds to challenge Van Horn's conviction or sentence.

That same month, Van Horn's family retained attorney Steven B. Nanners ("Nanners") to represent Van Horn and prepare a petition to the Circuit Court for post-conviction relief ("state habeas"). Nanners filed that petition on January 10, 2008. Following a hearing, the Circuit Court denied the petition on December 22, 2008. Nanners timely appealed to the Supreme Court of Appeals of West Virginia, which refused the appeal on September 3, 2009. Van Horn then filed this pro se § 2254 petition on May 18, 2010.

## II. ANALYSIS

Despite Van Horn's objections to the contrary, his conviction became final on May 24, 2007, and the deadline for filing a § 2254 petition expired on January 16, 2010. Furthermore, Van Horn has failed to establish that he is entitled to any equitable extension of the AEDPA deadlines.

### A. AEDPA Calculations

Under AEDPA, a state prisoner must file a writ of habeas corpus in federal court within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). A conviction is final upon the conclusion of direct review, or when the time to file for such review expires. Id. Certain periods are excluded from this calculation, however, including the pendency of any properly filed application for state post-conviction relief. § 2244(d)(2).

Van Horn argues that, because the Circuit Court possessed jurisdiction to modify his sentence during the term of court in which it imposed it, his conviction was not final until the expiration of that term. Such a holding would directly contradict the plain language of § 2244(d)(1)(A)(limitation begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Furthermore, a state court's inherent power to modify a sentence

3

does not affect a conviction's finality for AEDPA purposes. Beard v. Banks, 542 U.S. 406, 412 (2004).

Thus, on May 24, 2007, when the appeal deadline expired, Van Horn's one-year limitation began to run. Two hundred and thirty days expired before he filed his state habeas petition, tolling the limitations period until the state Supreme Court ultimately refused his petition on September 3, 2009. The clock then began to run again, expiring on January 16, 2010.

### B. Equitable Tolling

Van Horn asserts that his failure to timely file this petition should be excused under the principles of equitable tolling set forth in Holland v. Florida, __ U.S. __, 130 S.Ct. 2549 (June 14, 2010). To the contrary, Van Horn's case does not present an "extraordinary circumstance," nor has he shown that any failure on his lawyer's part prevented him from filing a timely federal petition. Additionally, he provides no evidence that he has diligently pursued his legal rights subsequent to his conviction.

Unlike the apparently "egregious" conduct of the attorney in Holland, Van Horn's attorney, Blair, apparently determined that, given his client's guilty plea, he had no good-faith, meritorious grounds for appeal. Although his filing was late, it did not prejudice Van Horn's ability to file either a state or federal

4

petition. Indeed, he filed a state petition, and once it was refused, he had over four months within which to file a § 2254 action in federal court.

Finally, unlike the petitioner in Holland, who repeatedly sought to either have his attorney file a federal petition or have him replaced, Van Horn offers no evidence whatsoever to establish that he has been "pursuing his rights diligently". Holland, 130 S.Ct. at 2562 (quotations omitted); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Accordingly, Van Horn is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (dkt. 19) in its entirety, **GRANTS** the State's motion to dismiss (dkt. 14), and **DISMISSES** this action **WITH PREJUDICE.** The Court further finds that Van Horn has not made a substantial showing of the denial of a constitutional right, and thus, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, **DENIES** a certificate of appealability.

It is so **ORDERED**.

The Court directs the Clerk to strike this case from the active docket, prepare a separate judgment order, and transmit

copies of this Order to counsel of record and to the <u>pro</u> <u>se</u> petitioner via certified mail, return receipt requested.

DATED: February 23, 2011.

            <u>/s/ Irene M. Keeley</u>
            IRENE M. KEELEY
            UNITED STATES DISTRICT JUDGE